UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TELLIGENT MASONRY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 19-1078 (RMC) |
| CONTINENTAL CASUALTY COMPANY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Grunley Construction Company, Inc. (Grunley) was awarded the prime construction contract (Contract) in 2014 for work related to restoration of the Historic Center Building at St. Elizabeth's West Campus for future occupation by the U.S. Department of Homeland Security (DHS). Compl. [Dkt. 1] ¶ 6. Grunley executed a payment bond with sureties Continental Casualty Company and Liberty Mutual Insurance Company. *Id.* ¶ 7. On or about November 23, 2015, Grunley and Telligent Masonry, LLC (Telligent) agreed to a subcontract by which Telligent was to perform masonry and related work for compensation of $1,725,000.00. *Id.* ¶ 8. At some point, Grunley directed Telligent to perform additional work which raised the total value of the subcontract to $2,273,984.83. *Id.*

To date, Grunley has paid Telligent a total of $2,159,533.33, which is $114,451.50 short of the total subcontract value. *Id.* ¶ 10. On April 17, 2019, Telligent filed suit pursuant to the Miller Act, 40 U.S.C. §§ 3131-34,[1] against the two sureties to recover monies

---

[1] Under the Miller Act, prospective contractors must furnish performance bonds and payment bonds to the government before entering into a contract for any public construction project worth

1

allegedly due. Compl. ¶¶ 20-26. Grunley filed a motion to intervene as of right or by permission pursuant to Federal Rule of Civil Procedure 24; the Court granted the motion to intervene as of right, but permitted Telligent to file a motion to dismiss Grunley's counterclaims. *See* Order [Dkt. 13]. On July 17, 2019, Telligent moved to dismiss Grunley's counterclaims for lack of subject-matter jurisdiction, or, in the alternative, under the theory of *forum non conveniens*. The motion is ripe for review.[2]

## I. LEGAL STANDARDS

### A. Subject-Matter Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the Court need not accept factual inferences drawn by plaintiff[ ] if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff['s] legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). The same logic and analysis are required

---

over $100,000. 40 U.S.C. § 3131(b). Additionally, subcontractors not paid in full within ninety days of completion may bring a civil action to recover the outstanding balance against the sureties that supplied the payment bonds within one year of the last day in which labor was performed. 40 U.S.C § 3133(b)(2).

[2] *See* Pl., United States of America f/u/b/o Telligent Masonry, LLC's Mot. to Dismiss Grunley Constr. Co., Inc.'s Countercl. (Mot.) [Dkt. 15]; Grunley Constr. Co., Inc.'s Opp'n to Pl.'s Mot. to Dismiss Countercl. [Dkt. 16]; Mem. in Reply to Grunley Constr. Co., Inc.'s Opp'n to Pl.'s Mot. to Dismiss Countercl. [Dkt. 17].

when evaluating a defendant-intervenor's counterclaim. *See United States v. Intrados/Int'l Mgmt. Grp.*, 277 F. Supp. 2d 55, 59 (D.D.C. 2003) (summarizing legal standard for motion to dismiss counterclaim).

### B. Venue

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff "has brought the case in a venue that the law deems appropriate." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). "If the plaintiff's chosen forum is an improper venue under applicable statutes, or is otherwise inconvenient, the Court may dismiss the action or transfer the case to a district where venue would be proper or more convenient." *Id.* (citing 28 U.S.C. § 1406 (providing for dismissal or transfer when venue is defective) and 28 U.S.C. § 1404 (allowing venue transfer for the convenience of the parties and witnesses)).

"[W]hen parties have agreed to a forum selection clause, the traditional analysis is altered and the clause should control absent a strong showing it should be set aside." *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008) (quoting *2215 Fifth St. Assoc. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 58 (D.D.C. 2001) (internal quotations omitted)); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 12 (1972) ("[Forum-selection] clauses are *prima facie* valid" and "should be honored by the parties and enforced by the courts."). Forum selection clauses are to be enforced unless the party resisting enforcement shows that one of the exceptions set forth in *Bremen* applies. The opponent of enforcement must make a "strong showing" that:

> (1) enforcement would be unreasonable and unjust; (2) the clause was invalid for such reasons as fraud or overreaching; (3) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision; or (4) trial in the contractual forum would be so gravely

difficult and inconvenient that the plaintiff will for all practical purposes be deprived of his day in court.

*Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 118 (D.D.C. 2008) (quoting *Bremen*, 407 U.S. at 15) (internal quotations omitted)).

## II. ANALYSIS

The Court granted Grunley's motion to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), which does not include the requirement that the intervenor demonstrate an "independent basis for jurisdiction." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). Had the Court granted Grunley's motion to intervene through permissive intervention, under Federal Rule of Civil Procedure 24(b), Grunley would have had to establish how its contract claims against Telligent presented the Court with subject-matter jurisdiction independent from the Miller Act claims raised by Telligent. *See id*. ("The first requirement for permissive intervention—an independent basis for jurisdiction—stems not from any explicit language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction."). With intervention as of right, Grunley's counterclaims may be considered by the Court via its supplemental jurisdiction to hear "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Telligent argues it is challenging the Court's jurisdiction to address Grunley's claims, but the arguments are properly understood as challenging venue. Telligent cites the dispute resolution section of the Subcontract Agreement between itself and Grunley for the proposition that the proper venue for challenges to the agreement or either party's performance is the Maryland state court located in Montgomery County, Maryland. *See* Mot., Ex. A,

Subcontract Agreement (Cost Code 04-200-0100) (Agreement) [Dkt. 15-2] ¶ 19. The relevant section of the Agreement states:

> All disputes between the Contractor and Subcontractor, not involving the Owner's acts, omissions, or responsibilities shall, at the Contractor's sole option, be resolved by arbitration in accordance with the rules of the American Arbitration Association. Subcontractor specifically agrees that any such arbitration proceedings shall, at the Contractor's sole option, be consolidated with any arbitration proceedings between the Contractor and any other party. Subcontractor specifically agrees that any dispute with the Owner or the Contractor shall not interfere with Subcontractor's progress of its work in any manner, and that Subcontractor shall proceed with its work as ordered, subject to claim, this includes disputes involving the timing of payment and/or payment amounts. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof. Any such award shall be binding and enforceable against any persons, surety, and/or bonding company, which guarantee the performance by the Subcontractor of this Agreement in any manner. Should Contractor choose to litigate any actions or lawsuits arising hereunder to the extent permitted by Article 19 and by law shall only be brought in a Maryland State court of competent jurisdiction with venue in Montgomery County, Maryland.

*Id*. Telligent argues that the final sentence of the paragraph binds the parties to litigate any disputes in Montgomery County. Grunley disagrees, focusing on the language "[s]hould Contractor choose to litigate any actions or lawsuits." *Id*. As the Contractor, Grunley argues that it is only obligated to raise its claims in Montgomery County when it has initiated the lawsuit. In this instance, because Telligent initiated the instant litigation in the United States District Court for the District of Columbia as required by the Miller Act, Grunley did not "choose to litigate" and, therefore, is not bound by the agreement to bring the claims in Montgomery County. The Court agrees with Grunley.

The Agreement sets forth two possible scenarios. First, if Telligent wishes to instigate a dispute under the Agreement the parties shall proceed to arbitration. Second, if

5

Grunley initiates the action the suit shall be brought in Montgomery County. This case arises in a third, distinct, posture. Telligent filed this case against the sureties as required by the Miller Act, thus introducing a venue not contemplated by the Agreement. Under the current posture, the Agreement contains no controlling language. The Court recognizes the strong presumption of validity given to forum selection clauses, *see Bremen*, 407 U.S. at 10, 12, and, if this case arose under a procedure discussed in the Agreement, the Court would enforce the clause as written. However, given the unanticipated posture of the current lawsuit, the Court will not dismiss the counterclaim and require Grunley to refile in Montgomery County.

Telligent also argues that the Court should dismiss the counterclaim under the doctrine of *forum non conveniens*, citing *Azima v. RAK Inv. Auth.*, 926 F.3d 870, 874-75 (D.C. Cir. 2019), where the Circuit recently confronted the availability of *forum non conveniens* as a proper method to dismiss a complaint due to a mandatory forum selection clause. The Circuit noted that where "the plaintiff has entered into a contract to litigate his claims in a specific forum, the defendant may enforce that agreement by moving to dismiss for *forum non conveniens*." *Id*. at 874. Having already decided that the forum selection clause in the Agreement does not specifically consider the posture in which the parties currently find themselves, the Court relies on the typical *forum non conveniens* analysis to determine if the case can and should proceed elsewhere. For this purpose, the Court considers whether another forum is both (1) "available and adequate" to litigate Grunley's counterclaims and, (2) "upon a weighing of public and private interests, the strongly preferred location for the litigation." *MBI Grp., Inc. v. Credit Foncier Du Cameroun*, 616 F.3d 568, 571 (D.C. Cir. 2010).

Again, the unique nature of the challenge presents the answer. Telligent initiated this action in the court designated by the Miller Act but now argues that the same court is not

convenient to decide related issues.  While the courts of Montgomery County are certainly available and adequate to handle a contract dispute brought by Grunley against Telligent, Grunley did not initiate this suit and the public and private interests involved strongly prefer this court.  The public interest in judicial economy supports a single court deciding all related issues which is why the Rules provide for intervention.  The fact that Grunley had a right to intervene demonstrates that its interests are also at stake in this litigation against Grunley's sureties and demonstrates that private interests also support having its counterclaims decided here.  Telligent cannot be viewed as inconvenienced by being required to remain in a venue of its choosing for all related issues.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Telligent Masonry, LLC's Motion to Dismiss Grunley Construction Company, Inc.'s Counterclaim, Dkt. 15.  A memorializing Order accompanies this Memorandum Opinion.


Date:   October 29, 2019

ROSEMARY M. COLLYER
United States District Judge